## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CHRISTOPHER H-CANNON: BEY,      )
                                      )
         *Plaintiff*,      )
                                      )     No. 21 C 4317
       v.                      )
                                      )     Judge Virginia M. Kendall
CITY OF CHICAGO, et al.,        )
                                      )
        *Defendants*.     )

## MEMORANDUM OPINION & ORDER

Plaintiff Christopher H-Cannon: Bey filed the present action against the City of Chicago, Chicago Police Officer Danielle Stark, and other unidentified police officers (together, the "Defendants") alleging violations of his civil rights and various tort claims. (Dkt. 7). For the reasons set forth below, Defendants' Motion to Dismiss [23] is granted with prejudice. Plaintiff's Motion to Consolidate is further dismissed as moot.[1]

## BACKGROUND

On a motion to dismiss under Rule 12(b)(6), the Court accepts the complaint's well-pleaded factual allegations, with all reasonable inferences drawn in the non-moving party's favor, but not its legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). Unless otherwise noted, the following factual allegations are taken from Plaintiff's Amended Complaint [7] and are assumed true for purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

---

[1] Plaintiff filed a Motion for Consolidation explaining that "the consolidation and merger of the instant case with . . . Case No. 1:21-CV-04317" would result in several efficiencies. (Dkt. 12 at 4). Plaintiff is mistaken, however, as "the instant case" <u>is</u> Case No. 1:21-cv-4317. Plaintiff fails to refer the Court to any other action with which he seeks to consolidate it. Therefore, his motion is incognizable. In any case, his motion is moot given the dismissal of the present action.

Plaintiff initially filed suit on August 11, 2021, (Dkt. 1), before filing an Amended Complaint on August 17, 2021, (Dkt. 7). Plaintiff alleges that Defendants violated his federal and state rights when they towed his vehicle on August 9, 2021, without issuing an Administrative Notice of Violation ("ANOV") citation. (Dkt. 7 at 2; *see also* Dkt. 25 at 1 (clarifying that Plaintiff's vehicle was towed for "displaying a false, stolen, or altered vehicle registration (license plates)")). Plaintiff also attempts to bring suit under the purported laws of what he refers to as the United States of America Republic ("USAR") – an assertedly sovereign nation of which Plaintiff claims to be the president. (*E.g.*, *id.* at 3). *See also* https://www.usargov.us (last accessed May 4, 2022) (website presenting a detailed description of the USAR); https://www.unitedstatesrepublic.us/executive-proclamation (last accessed May 4, 2022) (stating that Plaintiff is the President and "Commander and Chief" of the purported "Sovereign Nation State of Moorish American Nationals," or USAR). On February 24, 2022, Defendants moved to dismiss the Amended Complaint on February 24, 2022.

## LEGAL STANDARD

"To survive a motion to dismiss under 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams*, 742 F.3d at 728 (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). "[I]t is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555) (emphasis in

original).  The Court construes the complaint "in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in [his] favor."  *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010).  "[L]egal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth."  *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 566 U.S. at 678).

The Court construes the allegations of a pro se complaint liberally.  *See Childress v. Walker*, 787 F.3d 433, 436 n.1 (7th Cir. 2015) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Nonetheless, "[i]n all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper."  *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 289 U.S. 178, 189 (1936)) (emphasis added); *see also, e.g.*, *Herndon v. S.B.H.A.*, No. 16-cv-10052, 2016 WL 10612602, at *1 (N.D. Ill. Dec. 28, 2016) ("A pro se plaintiff . . . is bound to the rules of Federal Rules of Civil Procedure.  Pro se litigants do not have 'a license not to comply with relevant rules of procedural and substantive law.' ") (citing *Faretta v. California*, 422 U.S. 806, 834–35 n.46 (1975)).

## DISCUSSION

### A.  USAR Claims

The Amended Complaint advances various allegations rooted in "sovereign citizen" theories of liability, asserting that Defendants violated purported laws of the USAR.  For example, Count One alleges that Defendants "conspired to deny [him] Rights, Privileges, and Immunities secured by the [USAR's] Constitution and Laws."  (Dkt. 7 at 3 (further arguing that this amounted to a Section 1983 violation)).  Similarly, Count Three alleges that Defendants "were given notice of the status of [Plaintiff's] Government, [USAR] and its Lawful Authority to issue Driver's Licenses, Vehicle registrations, Titles and Plates."  (*Id.* at 5 (same)).  From the outset, such claims

are incognizable as Section 1983 only provides a remedy for deprivation of rights under the United States Constitution. In addition, courts have repeatedly characterized arguments based on sovereign citizen theories as legally frivolous and having **"no conceivable validity in American law."** *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (emphasis added). **Such "theories should be rejected summarily,** however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases) (emphasis added); *see also United States v. Jonassen*, 759 F.3d 653, 657 (7th Cir. 2014); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting the "shop worn" argument that a defendant is a sovereign and is beyond the jurisdiction bounds of the district court); *United States v. Sloan,* 939 F.2d 499, 500–01 (7th Cir. 1991); *see also, e.g.*, *Bey v. City of Chi.*, No. 21-cv-611, 2022 WL 952741 (N.D. Ill. Mar. 30, 2022). Accordingly, all claims based on violations of purported USAR law are dismissed with prejudice.[2]

## B. Federal Law Claims (Counts I–III, V, VII–X)

Under a liberal reading of the Amended Complaint, Plaintiff asserts various claims under federal law – invoking 42 U.S.C. §§ 1983 and 1985; the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb, *et seq.*; and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.* The Court will address each of these claims in turn.

### 1. Constitutional Claims

The Court understands the Amended Complaint to plead violations of the Fourth Amendment, the Equal Protection Clause, and the Due Process Clause of the Fourteenth

---

[2] The Court notes that Plaintiff has advanced similar sovereign citizen claims on at least two other occasions with a similar result. *See United States v. Cannon*, 560 F. App'x 599, 601 (7th Cir. 2014) ("We will not indulge arguments [regarding Plaintiff's status as a public minister of a purportedly sovereign nation]; they are frivolous, and the district court acted properly in summarily rejecting them."); *People of U.S.A. Rep. v. City of Chi.*, No. 2:20-cv-373-PPS-JEM, 2020 WL 6502385, at *1 (N.D. Ind. Nov. 4, 2020) ("[R]espectfully, many of the assertions Plaintiffs make in this motion are fantastical and delusional."). To be clear: such claims are simply incognizable and frivolous in courts of the United States.

Amendment, and further that Defendants unlawfully conspired to commit such violations. Additionally, Plaintiff alleges that the officers violated his constitutional rights when they failed to intervene to prevent these harms. Finally, Plaintiff cursorily alleges a *Monell* claim against the City of Chicago.

To establish a claim under Section 1983, a plaintiff must adequately allege that he was "deprived of a right secured by the Constitution or federal law, by a person acting under color of law." *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). To establish Section 1983 liability through a conspiracy theory, Plaintiff must allege that state officials (1) reached an understanding to deprive the plaintiff of his constitutional rights and (2) those individuals were "willful participant[s] in joint activity with the State or its agents." *Cooney v. Casady*, 735 F.3d 514, 518 (7th Cir. 2013) (citing *Lewis v. Mills*, 677 F.3d 324, 333 (7th Cir. 2012)). "Vague and conclusory allegations of the existence of a conspiracy are not enough to . . . survive a motion to dismiss." *Cooney*, 735 F.3d at 519 (citing *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998)).

### i. Fourth Amendment

Plaintiff fails to cite the Fourth Amendment of the United States Constitution in his Amended Complaint, but it appears to provide the thrust of many of his present allegations. (*See* Dkt. 7 at 3 (Count One), 4–5 (Count Two), 5–7 (Count Three), 9 (Count Seven), 10–11 (Count Nine)). To support these claims, Plaintiff's allegations are limited to the claimed fact that "Officer Stark. . . and Other Unknown Law Enforcement officers, knowingly and without probable cause towed a vehicle in violation of False or Stolen Vehicle Registration or Disability Parking Device (DPD) Impoundment." (*Id.* at 2). He continues to add facts and allegations in his response to Defendants' Motion to Dismiss, where he states that "evidence shows a clear injury to plaintiff caused by defendant's actions." (Dkt. 25 at 1). He attempts to argue that the "ANOV with the

box checked MCC 9-80-220(c) with a giant X going across the face on it and the word 'VOID' written on it. . . shows the vehicle was taken illegally and in violation of the policies and procedures of the City of Chicago." (*Id.*). Plaintiff further asserts that "the facts are the police was doing surveillance abuse sitting outside of Plaintiffs place of work for a couple of hours shows an intention that they were waiting on plaintiff," and that this suit "is a valid claim and is an undisputable injury." (*Id.* at 1, 3).

From the outset, allegations newly included in Plaintiff's Opposition brief are not a substitute for properly pleading his claims, as the "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012); *see also Clark v. Wexford Health Sources, Inc.*, 833 F. App'x 18, 22 (7th Cir. 2020) ("Because he first raised this new claim in his response to the motion for summary judgment, the district court permissibly refused to consider it."). However, for completeness, the Court will consider these additional allegations, as they nonetheless fail to establish Plaintiff's claim for relief.

Under the Fourth Amendment, "[a]n ordinance authorizing a warrantless seizure is not 'unreasonable' . . . when a police officer has probable cause to believe that a vehicle is subject to seizure because it was used in some violation of law." *Bell v. City of Chi.*, 835 F.3d 736, 740 (7th Cir. 2016). The Chicago Municipal Code states that "a vehicle operated or parked bearing false registration or stolen registration is subject to immediate impoundment. . . whenever a police officer has probable cause to believe that a vehicle is subject to seizure and impoundment pursuant to this section, the police officer shall provide for the towing of the vehicle." MCC § 9-80-220(c). The Code additionally requires that notice be sent to the owner of record of the vehicle so that they may request a preliminary hearing under Section 2-14-132; there is no requirement for the issuance

of a citation.  MCC § 9-80-220.  Furthermore, the Code requires that an impounded vehicle must have a current state registration to be released and operated.  MCC § 2-14-132(k).

Plaintiff's argument that Defendants lacked probable cause fails on its face, because Plaintiff pleads that "[t]he [USAR] is the lawful issuing jurisdiction" of his vehicle registration and license plates.  (Dkt. 25 at 2 (emphasis added)).  The USAR is not a recognized issuer of license plates in the United States.  Thus, Plaintiff's vehicle registration and license plates purportedly issued by the USAR created the probable cause needed for Defendants to enforce the relevant provisions of the Code.  The existence of probable cause is an absolute bar to an illegal-seizure claim under the Fourth Amendment – so Plaintiff's claims of an unlawful seizure must be dismissed.  *See Friedman v. Vill. of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985).

### ii.  Equal Protection and Due Process

Plaintiff next alleges various violations of equal protection and due process.  (*See* Dkt. 7 at 3 (Count One), 4–5 (Count Two), 5–7 (Count Three), 10–11 (Count Nine)).  These claims are based on Plaintiff's allegations that "Defendant(s) knowingly conspired for the purpose of impeding and hindering the due course of justice, with the intent to deny Plaintiff(s) equal protection of laws."  (*Id.* at 3–4).  Plaintiff supports this conclusion by merely restating that "[t]wo or more Defendant(s) did disguise themselves, conspire to detain, and unlawfully deprive the Plaintiff(s) of equal protection of the law."  (*Id.*).

 "The Equal Protection Clause prohibits state action that discriminates on the basis of membership in a protected class or, as relevant here, that irrationally targets an individual for discriminatory treatment as a so-called 'class of one.' "  *Storey v. City of Alton*, 710 F. App'x 706, 708 (7th Cir. 2018) (citing *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010)).  "Class-of-one discrimination occurs if the plaintiff 'has been intentionally treated differently from others

7

similarly situated and . . . there is no rational basis for the difference in treatment.' " *Storey*, 710 F. App'x at 708 (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000)). In *Storey,* the Seventh Circuit held that a claim of "class of one" discrimination under the Equal Protection Clause failed because plaintiff "provided no evidence that the City treated a similarly situation [person] differently from him, nor has he shown that the City lacked a rational basis for its action." *Storey*, 710 F. App'x at 708. Here, Plaintiff provides no evidence that the City treated a similar situated person differently from him. He furthermore provides evidence that the City *did* have a rational basis for towing his vehicle – as discussed above – and so pleads himself out of court by acknowledging that his license plates were improperly issued by the USAR. Therefore, Plaintiff cannot maintain any claim of a violation of the equal protection clause.

The Court next turns to Plaintiff's due process claim. For his claim to be successful, Plaintiff must allege (1) the deprivation of a protected interest and (2) insufficient procedural protections in effectuating that deprivation. *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008). There has been a substantive due process violation only when there has been deprivation of a fundamental interest "so deeply rooted and sacrosanct that no amount of process would justify its deprivation." *Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 462 (7th Cir. 2007). Remedies are only available when there has been an "abuse of governmental power so arbitrary and oppressive that it shocks the conscience." *Catinella v. Cnty. of Cook, Ill.*, 881 F.3d 514, 519 (7th Cir. 2018).

Situations where "the City boot[ing] a vehicle to enforce unpaid parking and traffic tickets and then fail[ing] to have technicians available to remove the boot after hours. . . *does not come close* to the kind of egregious, conscience-shocking conduct required to support a substantive due

8

process claim." *Gorokhovsky v. City of Chi.*, 813 F. App'x 221, 223 (7th Cir. 2020) (emphasis added) (adding that such claims are "wholly insubstantial" and do not support federal jurisdiction). Here, again, Plaintiff has failed to demonstrate any violation of federal or local law, let alone an egregious due process violation. Thus, Plaintiff's due process claim is dismissed with prejudice as amendment of his Complaint would be futile.

### iii. Failure to Intervene

Count Three alleges that Defendants "neglected to prevent an injury" to Plaintiff. (Dkt. 7 at 5). The Court construes this as a claim for failure to intervene under Section 1983. "The Seventh Circuit has consistently recognized that a state actor's failure to intervene in the violation of another's constitutional rights may render him liable" under Section 1983. *E.g.*, *Patrick v. City of Chi.*, 213 F. Supp. 3d 1033, 1053 (N.D. Ill. 2016) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994); *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972)). A plaintiff must "demonstrate that the Defendants (1) knew that a constitutional violation was committed; and (2) had a realistic opportunity to prevent it." *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017).

In support of his failure to intervene claim, Plaintiff reiterates his allegations that Defendants "conspired to violate the rights, privileges, and immunities guaranteed Plaintiff(s) by the Constitution and laws of the United States and the laws of the State of Illinois." (Dkt. 7 at 5). This claim is further based on his claim that "Defendant(s) neglected to prevent an injury to [him]" because they "did not have sufficient evidence to proceed with a search warrant, making their procedure void ab initio." (*Id.*). However, this claim necessarily fails as Plaintiff has not alleged an underlying constitutional violation in which Defendants failed to intervene. It is therefore dismissed.

### iv. Conspiracy

Plaintiff invokes 42 U.S.C. §§ 1983, 1985 to allege that Defendants conspired to violate his constitutional rights. (*See* Dkt. 7 at 3–4 (setting forth Counts One and Two)). To establish such liability, Plaintiff must allege that state officials (1) reached an understanding to deprive the plaintiff of his constitutional rights and (2) those individuals were "willful participant[s] in joint activity with the State or its agents." *Cooney v. Casady*, 735 F.3d 514, 518 (7th Cir. 2013) (citing *Lewis v. Mills*, 677 F.3d 324, 333 (7th Cir. 2012)). "Vague and conclusory allegations of the existence of a conspiracy are not enough to . . . survive a motion to dismiss." *Cooney*, 735 F.3d at 519 (citing *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998)).

Here, Plaintiff pleads no facts to show that there was a conspiracy among state officials or any other individuals to deprive him of his rights. He merely alleges that Defendants improperly towed his vehicle. (Dkt. 7 at 2). Otherwise, his Amened Complaint is rife with statements amounting to no more than "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley*, 671 F.3d at 616. Even with a liberal construction as is allowed to pro se plaintiffs, "his pro se status does not cure this fatal defect because 'pro se litigants are not excused from compliance with procedural rules.' " *Egwuenu v. Charles Schwab & Co.*, 834 F. App'x 245, 246 (7th Cir. 2021) (citing *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008)). Plaintiff's conspiracy claims are thus dismissed.

Separately, Count Three alleges that the Defendants conspired to deprive Plaintiff of his Constitutionally protected rights in violation of 18 U.S.C. §§ 241–42. (Dkt. 7 at 7). However, neither of these Sections of the U.S. Code confer private rights of action under which a private plaintiff may sue. *See, e.g.*, *Bey v. City of Chi.*, 2022 WL 952741, at *3; *Eldridge v. Challenging L. Enf't Off.*, No. 17-cv-4241, 2018 WL 1561729, at *7 (N.D. Ill. Mar. 30, 2018). Accordingly, Count Three is dismissed with prejudice.

10

### v. *Monell* (Count V)

Under a broad reading of the Complaint, Plaintiff attempts to allege a *Monell* claim in Count Five. (Dkt. 7 at 8 (citing *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658 (1987)). Again, this claim is inadequately pled. Plaintiff fails to provide <u>any</u> facts in support of this claim – regarding, for example, what official policies, practices, or customs he purports to challenge. His conclusory allegations do not suffice. *See McCauley v. City of Chi.,* 671 F.3d 611, 616 (7th Cir. 2011).

### 2. Religious Freedom Restoration Act Claim (Count VIII)

Plaintiff next attempts to state a claim under Section 1(c) of the Religious Freedom Restoration Act. That section provides that "[a] person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government. Standing to assert a claim or defense under this section shall be governed by the general rules of standing under article III of the Constitution." 42 U.S.C. §2000bb-1(c).

The Amended Complaint provides no facts explaining how Plaintiff's religious exercise has been burdened – including, for example, basic facts concerning *which* religion he exercises to begin with. This is However, to survive a 12(b)(6) motion, he must plead sufficient facts to support his allegations. In addition, the Court fails to find a logical nexus between his religious freedom claim and the present case. Finding no plausible connection between the towing of Plaintiff's car and any purported inhibition of his religious freedom, Count Eight is dismissed with prejudice.

### 3. Civil RICO Claim (Count X)

Count Ten alleges that Defendants violated RICO Act. (Dkt. 7 at 12 (broadly alleging such activities as "racketeering, conspiracy to enter false documents into the court, unlawfully arresting,

detaining, imprisoning, seizing, towing, or confiscating private owned property)).  RICO Section 1962(c) makes it "unlawful for any person employed by or associated with an enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  18 U.S.C. § 1962(c).  To state a claim under Section 1962(c), Plaintiff must allege that Defendants engaged the in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Muskegan Hotels, LLC v. Patel*, 986 F.3d 692, 698 (7th Cir. 2021) (citing *Salinas v. United States*, 522 U.S. 52, 62 (1997)).  Further, he must identify at least two predicate acts of racketeering committed by Defendants within a ten-year period.  *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 659 (7th Cir. 2015) (citing *Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466, 472 (7th Cir. 2007)).

Defendants argue that Plaintiff has failed to prove that defendants engaged in a pattern of racketeering activity and "there is absolutely no allegation contained in Plaintiff's amended complaint that can support a RICO claim."  (Dkt. 23 at 10–11).  They further point out that "Plaintiff was lawfully stopped and his property lawfully confiscated."  (*Id.*).  The Amended Complaint is bare of any allegations that can support a civil RICO claim.  For instance, Plaintiff fails to allege facts showing that Defendants were involved in any racketeering activity whatsoever as defined under Section 1961.  Therefore, Count Ten must be dismissed.

**C.  State Law Claims**

Because the Court has dismissed each of Plaintiff's federal law claims – and because there is no alleged diversity of citizenship in this matter – Plaintiff lacks standing to sue in federal court. As such, this Court need not address his causes of action rooted in state law.  "[W]hen the federal claims are dismissed before trial, there is a presumption that the court will relinquish jurisdiction

over any remaining state law claims." *Dietchweiler ex rel. Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) (citing cases). For present purposes, suffice it to say that Plaintiff's state law claims would suffer the same fate as his federal causes of action; they must inevitably be dismissed under 12(b)(6) for his failure to plead any facts to support them. By way of example, Count Six alleges Intentional Infliction of Emotional Distress ("IIED"). To state a claim for IIED, Plaintiff must plead that (1) the underlying conduct was "truly extreme and outrageous," (2) Defendants "either intend[ed] [for] [their] conduct [to] inflict severe emotional distress, or kn[e]w that there [was] at least a high probability that [their] conduct [would] cause severe emotional distress," and (3) the conduct did in fact cause severe emotional distress. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 269 (Ill. 2003). The Court fails to see how the towing of Plaintiff's car can possibly meet this high standard. Plaintiff does little to help his case by pleading no facts in support of this claim aside from conclusory statements such as that Defendants "intentionally and maliciously defamed, harassed and emotionally tortured" him with no further explanation. As reiterated throughout this Order, such conclusory statements fail to state a cognizable claim and warrant dismissal.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss [23] is granted.  Ultimately, it would be futile and place an unnecessary burden on judicial resources for the Court to allow Plaintiff to replead his claims against Defendants as there is no cognizable link between the claims he has set forth and the alleged misconduct underlying this suit – which is essentially the towing of his car.  Thus, the Amended Complaint is dismissed with prejudice.  Plaintiff's Motion to Consolidate [12] is further dismissed as moot.

Virginia M. Kendall
United States District Judge

Date: May 10, 2022

14